# Popp, Appellant, v. Eamigh.

*Taxation—Real estate—Tenant's goods on premises—Borough and school taxes—Landlord and tenant.*

A tenant's goods on leased premises in 1911 may be levied upon for borough and school taxes for that year, although the tenant may have purchased the premises from his landlord in May, 1912, and the actual levy upon the goods was not made until June, 1912, and although no rent was due on the day that the tenant purchased the real estate.

Argued May 5, 1913. Appeal, No. 109, April T., 1913, by plaintiff, from decree of C. P. Cambria Co., Sept. T., 1912, No. 7, dismissing bill in equity in case of John Popp and wife v. M. W. Eamigh. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

STEPHENS, P. J., filed the following opinion:

This is a proceeding by injunction to restrain the defendant, M. W. Eamigh, tax collector of the borough of Portage in this county, from selling the personal property of John Popp and Julia Popp, his wife, on the premises formerly the property of Elliott S. Henry, in the said borough of Portage, said taxes being borough and school taxes levied by the said borough authorities for the year 1911.

### FINDINGS OF FACT.

1. John Popp was the tenant of Elliott S. Henry and conducted a hotel in said borough, known as "Hotel Henry," for several years prior to May 14, 1912, and particularly the year 1911, when the levy of borough and school taxes now sought to be collected was made.

2. That the said John Popp became the purchaser of said hotel property on May 14, 1912, and of course, from that day ceased to be the tenant of the said Elliott S. Henry. There was no rent due the said Elliott S. Henry on that day, as the rent for the said premises had been fully paid by the said John Popp during his tenancy.

3. That the personal property consisting of household goods and hotel furnishings had been upon said premises for some time before the said transfer of real estate, particularly throughout the year 1911, and up until June 29, 1912, on which day the said M. W. Eamigh, tax collector, levied upon the said personal property of the said John Popp and Julia Popp, for borough and school taxes assessed against the real estate in the name of Elliott S. Henry for the year 1911.

### DISCUSSION OF THE LAW.

The plaintiffs, John Popp and Julia Popp, his wife, insist that inasmuch as they were not the tenants of the said Elliott S. Henry on June 29, 1912, the date of the levy upon their personal property, the said tax collector should be restrained from selling the same, and they came into court and asked for a preliminary injunction restraining the said tax collector, which was done, and the same came on for final hearing and was submitted upon bill and answer; from which we find the facts as above stated.

It is now conceded by the plaintiffs' counsel that sec. 46 of the Act of Assembly approved April 15, 1834, P. L. 509, authorized the collector to levy upon and sell personal property that was upon the premises when the levy of taxes was made, to wit, the year 1911, provided the taxes were county or township taxes, but they urge with considerable force and reason that this act does not relate to, or in other words, does not provide a remedy for, the collection of borough and school taxes, and that no such remedy being given by any statute as is now sought to be used by the tax collector, that he should be enjoined from selling the personal property of the said plaintiffs.

It is urged by the defendant's counsel that the Act of Assembly approved April 15, 1834, gives full and ample authority to levy upon and sell the personal property upon the premises at this time, and that was upon the same during the year 1911, when the tax levy was made upon the real estate. There was some question raised about the delay on the part of the tax collector in making collection of these taxes, which amount for the year 1911 was $92.50; and it was urged that they should have been collected during the time that the real estate belonged to Elliot S. Henry, and in that case the tenant, John Popp, would have had an opportunity to recoup from rent due to his landlord. While this may be true, yet the fact is that the duplicate was or should have been issued by the borough and school district of Portage to M. W. Eamigh, collector, on August 1, 1911, and the collector was authorized by his warrant to make collection under it at any time within two years (sec. 21 of the Act of Assembly approved April 22, 1846, P. L. 486); and the collector distrained the property of the said plaintiffs on June 29, 1912, within one year from the receipt of his warrant and duplicate for the year 1911, so that legally there is no cause for complaint on account of delay in enforcing the collection of said taxes by levy and distress.

On the question of the authority to distrain the property of the plaintiffs for the taxes assessed upon the property occupied by them in 1911 and 1912, the Act of April 3, 1804, Sm. L. 201, sec. 6, provides: "Every tenant who may or shall occupy or possess any lands or tenants shall be liable to pay all the taxes which during such occupancy or possession may thereon become due or payable, and having so paid such taxes, or any part thereof, it shall be lawful for him by action of debt or otherwise to recover said taxes from his landlord, or at his election defalcate the amount thereof in the payment of rent due such landlord, unless such defalcation or recovery would impair any contract or

agreement between them previously made." Section 46 of the Act of April 15, 1834, P. L. 549, provides: "The goods and chattels of any person occupying any real estate shall be liable to distress and sale for nonpayment of any taxes assessed upon such real estate during his possession or occupancy and remaining unpaid, in like manner as if they were the goods and chattels of the owner of such real estate." This act of assembly fixes beyond any question the liability of the personal property of the tenant, owner or occupier for the payment of any taxes assessed upon the real estate during the occupancy of the tenant or person in possession and makes the same liable to distress and sale. The Act of June 25, 1885, P. L. 187, sec. 4, provides for a method of collection of all taxes, as follows: "The several county, township, school, poor and other authorities now empowered and which may be hereafter empowered, to levy taxes within the several boroughs and townships of this commonwealth shall on or before the first day of August each year after the first election of collector of taxes under this act, issue their respective duplicates of taxes assessed to the collector of taxes of their respective boroughs and townships, with their warrants attached, directing and authorizing him to collect the same. . . ." Section 5 of the said act provides: "The collector of taxes shall have all the power for the collection of said taxes during his term of office, heretofore vested in collectors of county taxes under existing laws and be subject to the same liabilities and penalties for neglect or violation of the duties of his office."

In the case of Kean v. Kinnear, 171 Pa. 639, it was held, among other things, "that the order of liability for taxes is first the personal property on the premises, secondly, demand on the owner individually, and lastly the land itself, and that it is only on the failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned for sale.

### CONCLUSIONS OF LAW.

From the review of the several acts of assembly quoted we fail to see how it can be seriously contended that the collector of taxes had not in this case a perfect right to look to the personal property of the plaintiffs as persons occupying the real estate upon which the taxes had been levied and assessed, for the payment of the same; and his right to do so is fully upheld by the authorities in construing the several acts of assembly relating to levy and collecting of school and borough taxes. The fact that one of the plaintiffs, John Popp, became the owner of the premises some time prior to the attempt on the part of the collector to distrain for said taxes does not lesson the liability of the personal property upon the said premises at the time the taxes were levied, and remaining there up until distrained by the collector to be seized and sold for the payment of said taxes.

And now, September 2, 1912, in accord with our conclusions of law in this case, it is ordered, adjudged and decreed that the injunction heretofore granted be and the same is hereby vacated and discharged, and that the bill upon which the same was based be and the same is hereby dismissed. And it is further ordered, adjudged and decreed that the plaintiffs, John Popp and Julia Popp, pay the costs of this proceeding.

*Error assigned* was decree dismissing the bill.

*Thomas J. Itell,* with him *James M. Walters,* for appellants.

*Charles C. Greer,* for appellee.

PER CURIAM, July 16, 1913:

We all concur with the learned judge of the common pleas in the conclusion that the plaintiffs' personal prop-

erty on the premises at the time the levy was made by the tax collector were, under the undisputed facts, liable to seizure and sale for the borough and school taxes of 1911. We do not deem it necessary to add anything to his clear and satisfactory opinion in support of that conclusion.

The decree is affirmed at the costs of the appellant.